TRACY L. WILKISON
United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
LAUREN RESTREPO (Cal. Bar No. 319873)
Assistant United States Attorney
Cyber & Intellectual Property Crimes Section
      1500 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: (213) 894-3825
      Facsimile: (213) 894-2927
      E-mail:    lauren.restrepo@usdoj.gov
MONA SEDKY (D.C. Bar No. 447968)
Senior Trial Attorney
Computer Crime & Intellectual Property Section
U.S. Department of Justice
      1301 New York Ave. NW
      Washington, DC 20580
      Telephone: (202) 353-4304
      E-mail:    mona.sedky@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 22-069-MEMF |
|---|---|
| Plaintiff, | |
| v. | PLEA AGREEMENT FOR DEFENDANT JOHAO MIGUEL CHAVARRI |
| JOHAO MIGUEL CHAVARRI,<br>   aka "Michael Frito," | |
| Defendant. | |

      1.   This constitutes the plea agreement between JOHAO MIGUEL
CHAVARRI ("defendant") and the United States Attorney's Office for
the Central District of California (the "USAO") in the above-
captioned case.  This agreement is limited to the USAO and cannot
bind any other federal, state, local, or foreign prosecuting,
enforcement, administrative, or regulatory authorities.

1                              DEFENDANT'S OBLIGATIONS

2      2.   Defendant agrees to:

3         a.   At the earliest opportunity requested by the USAO and

4 provided by the Court, appear and plead guilty to Counts 1-3 of the

5 Information in <u>United States v. Johao Miguel Chavarri</u>, CR No. 22-069-

6 MEMF, which charges defendant with three counts of Stalking, in

7 violation of 18 U.S.C. §§ 2261A(2)(B), 2261(b)(5).

8         b.   Not contest facts agreed to in this agreement.

9         c.   Abide by all agreements regarding sentencing contained

10 in this agreement.

11         d.   Appear for all court appearances, surrender as ordered

12 for service of sentence, obey all conditions of any bond, and obey

13 any other ongoing court order in this matter.

14         e.   Not commit any crime; however, offenses that would be

15 excluded for sentencing purposes under United States Sentencing

16 Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

17 within the scope of this agreement.

18         f.   Be truthful at all times with the United States

19 Probation and Pretrial Services Office and the Court.

20         g.   Pay the applicable special assessments at or before

21 the time of sentencing unless defendant has demonstrated a lack of

22 ability to pay such assessments.

23      3.   Defendant further agrees to:

24         a.   Surrender to the United States all digital devices and

25 digital storage media (i.e., CDs, DVDs, hard drives, flash drives)

26 that currently contain or have previously been used to store images,

27 videos, or other electronic files or information belonging to the

28 victims of the crimes described in paragraph 11 (hereinafter "Victim

2

Data") of this plea agreement.  Defendant also waives any right to the return of the digital devices or storage media.

        b.    Assist the United States in deleting all copies of Victim Data to which defendant has access, custody, or control.

        c.    Provide to the United States the username and password, and any other necessary credentials to the following accounts, to forfeit his rights and interest in those accounts, and to allow the United States to delete and close the accounts and associated files: all Instagram, Twitter, Snapchat, Alloy Studios, and other social media and text messaging accounts used in furtherance of the crimes described in paragraph 11, including but not limited to the accounts identified in Attachments A and B to this plea agreement.

THE USAO'S OBLIGATIONS

    4.   The USAO agrees to:

        a.    Not contest facts agreed to in this agreement.

        b.    Abide by all agreements regarding sentencing contained in this agreement.

        c.    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

        d.    Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not further criminally prosecute defendant for violations of 18 U.S.C. §§ 2261A(2)(A)-(B) and 18 U.S.C. § 875(d), arising out of

3

defendant's conduct described in the agreed-to factual basis set forth in paragraph 11 below and which occurred between May 2019 and February 2021.  Defendant understands that the USAO is free to criminally prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement. Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

e.   Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 20 or higher.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

<u>NATURE OF THE OFFENSES</u>

5.   Defendant understands that for defendant to be guilty of the crimes charged in counts 1-3, that is, Stalking, in violation of Title 18, United States Code, Sections 2261A(2)(B), 2261(b)(5), the following must be true: (1) defendant, with the intent to harass or intimidate another person; (2) used the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce; (3) to engage in a course of conduct that caused, attempted to cause, or would reasonably be expected to

cause, substantial emotional distress to that person, or an immediate family member of that person.

### PENALTIES

6.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Sections 2261A(2)(B), 2261(b)(5) is: 5 years' imprisonment; a 3-year period of supervised release; a fine of $250,000; and a mandatory special assessment of $100.

7.    Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 15 years' imprisonment; a 3-year period of supervised release; a fine of $750,000; and a mandatory special assessment of $300.

8.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

9.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the convictions in this case

may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

10.  Defendant understands that, if defendant is not a United States citizen, the felony convictions in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

11.  Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 13 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Between approximately May 2019 and February 2021, in the Central District of California, and elsewhere, defendant engaged in a course

of conduct in which he stalked and sent anonymous threatening communications to numerous victims, including the victims identified in the Information as Victims A-C.

Defendant's courses of conduct often followed a similar pattern that typically included the following actions:

Defendant would contact a victim on a social media platform (most often Instagram), compliment their appearance and/or their publicly posted photos, and suggest a relationship whereby he would pay the victim an allowance or pay the victim to send him photos or videos.  In these exchanges, defendant often claimed to be a man named Michael Frito.  Some of the victims initially agreed to defendant's requests and sent him nude, sexually explicit, or compromising photos.

When victims either (1) refused defendant's initial request for photos, (2) refused to send him additional photos or videos, or (3) otherwise refused to continue to communicate with him online, defendant would begin to harass, threaten, and extort the victims using numerous online accounts.

Defendant's harassing and extortionate threats to, and demands of, the victims generally followed a pattern.  In most cases he threatened to publish sexual photos or videos of the victims online or on well-known pornography websites and/or to distribute the sexual photos or videos to the victims' boyfriends, friends, families, or employers, who he would often specifically identify by name. Defendant would often threaten his victims and their friends and family that he would ruin their lives and/or careers.

Defendant used dozens of pseudo-anonymous social media accounts, many of which had variations of the name "Frito" in them, to

repeatedly contact, harass, and threaten the victims.  These included accounts with Instagram, Snapchat, and Twitter.  He also communicated with some victims over text message, using an online voice and message service.  Defendant used dozens of online accounts to communicate with, and in some cases store photos and videos of, victims.

Defendant admits that he stalked and threatened the persons identified in the Information as Victims A-C, as described in the Information, and that the factual allegations in Counts 1-3 of the Information with respect to defendant's conduct as to each of those victims are true and accurate.  Defendant admits that he intended to harass or intimidate Victims A-C and engaged in the courses of conduct discussed above, and in the Information, knowing that it would cause substantial emotional distress to Victims A-C and their families.

<u>SENTENCING FACTORS</u>

12.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

13.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level | 18 | USSG § 2A6.2(a) |
| Pattern of Harassment/Stalking | +2 | USSG § 2A6.2(b)(1)(E) |
| Combined Offense Level/ Ungrouped Counts 1-3 | +3 | USSG § 3D1.4 |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

14.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

15.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

16.   Defendant understands that by pleading guilty, defendant gives up the following rights:

        a.   The right to persist in a plea of not guilty.

        b.   The right to a speedy and public trial by jury.

        c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

        d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

1        e.   The right to confront and cross-examine witnesses

2 against defendant.

3        f.   The right to testify and to present evidence in

4 opposition to the charges, including the right to compel the

5 attendance of witnesses to testify.

6        g.   The right not to be compelled to testify, and, if

7 defendant chose not to testify or present evidence, to have that

8 choice not be used against defendant.

9        h.   Any and all rights to pursue any affirmative defenses,

10 Fourth Amendment or Fifth Amendment claims, and other pretrial

11 motions that have been filed or could be filed.

12 <u>WAIVER OF RETURN OF DIGITAL DATA</u>

13    17.  Understanding that the government has in its possession

14 digital devices and/or digital media seized from defendant, defendant

15 waives any right to the return of digital data contained on those

16 digital devices and/or digital media and agrees that if any of these

17 digital devices and/or digital media are returned to defendant, the

18 government may delete all digital data from those digital devices

19 and/or digital media before they are returned to defendant.

20 <u>WAIVER OF APPEAL OF CONVICTION</u>

21    18.  Defendant understands that, with the exception of an appeal

22 based on a claim that defendant's guilty pleas were involuntary, by

23 pleading guilty defendant is waiving and giving up any right to

24 appeal defendant's conviction on the offenses to which defendant is

25 pleading guilty.  Defendant understands that this waiver includes,

26 but is not limited to, arguments that the statute to which defendant

27 is pleading guilty is unconstitutional, and any and all claims that

28

the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

19.  Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 20 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

20.  The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 20 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

### RESULT OF WITHDRAWAL OF GUILTY PLEAS

21.  Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds

11

in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

<u>EFFECTIVE DATE OF AGREEMENT</u>

22.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

<u>BREACH OF AGREEMENT</u>

23.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds

such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

24. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

1

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

2

<u>OFFICE NOT PARTIES</u>

3      25.   Defendant understands that the Court and the United States

4   Probation and Pretrial Services Office are not parties to this

5   agreement and need not accept any of the USAO's sentencing

6   recommendations or the parties' agreements to facts or sentencing

7   factors.

8      26.   Defendant understands that both defendant and the USAO are

9   free to: (a) supplement the facts by supplying relevant information

10  to the United States Probation and Pretrial Services Office and the

11  Court, (b) correct any and all factual misstatements relating to the

12  Court's Sentencing Guidelines calculations and determination of

13  sentence, and (c) argue on appeal and collateral review that the

14  Court's Sentencing Guidelines calculations and the sentence it

15  chooses to impose are not error, although each party agrees to

16  maintain its view that the calculations in paragraph 13 are

17  consistent with the facts of this case.  While this paragraph permits

18  both the USAO and defendant to submit full and complete factual

19  information to the United States Probation and Pretrial Services

20  Office and the Court, even if that factual information may be viewed

21  as inconsistent with the facts agreed to in this agreement, this

22  paragraph does not affect defendant's and the USAO's obligations not

23  to contest the facts agreed to in this agreement.

24      27.   Defendant understands that even if the Court ignores any

25  sentencing recommendation, finds facts or reaches conclusions

26  different from those agreed to, and/or imposes any sentence up to the

27  maximum established by statute, defendant cannot, for that reason,

28  withdraw defendant's guilty pleas, and defendant will remain bound to

1  fulfill all defendant's obligations under this agreement.  Defendant

2  understands that no one -- not the prosecutor, defendant's attorney,

3  or the Court -- can make a binding prediction or promise regarding

4  the sentence defendant will receive, except that it will be at or

5  below the statutory maximum.

6                          NO ADDITIONAL AGREEMENTS

7       28.  Defendant understands that, except as set forth herein,

8  there are no promises, understandings, or agreements between the USAO

9  and defendant or defendant's attorney, and that no additional

10  promise, understanding, or agreement may be entered into unless in a

11  writing signed by all parties or on the record in court.

12            PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

13       29.  The parties agree that this agreement will be considered

14  part of the record of defendant's guilty plea hearing as if the

15  entire agreement had been read into the record of the proceeding.

16  AGREED AND ACCEPTED

17  UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF
18  CALIFORNIA

19  TRACY L. WILKISON
    United States Attorney

20

21  _____          05/13/2022
                                              _____
22  LAUREN RESTREPO                             Date
    Assistant United States Attorney

23  _____          2022 0510
                                              _____
24  JOHAO MIGUEL CHAVARRI                       Date
    Defendant

25  _____          5-10-2022
                                              _____
26  ALAN EISNER                                 Date
    Attorney for Defendant JOHAO MIGUEL
    CHAVARRI
27

28

                                    15

1                 <u>CERTIFICATION OF DEFENDANT</u>

2      I have read this agreement in its entirety.  I have had enough

3 time to review and consider this agreement, and I have carefully and

4 thoroughly discussed every part of it with my attorney.  I understand

5 the terms of this agreement, and I voluntarily agree to those terms.

6 I have discussed the evidence with my attorney, and my attorney has

7 advised me of my rights, of possible pretrial motions that might be

8 filed, of possible defenses that might be asserted either prior to or

9 at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

10 of relevant Sentencing Guidelines provisions, and of the consequences

11 of entering into this agreement.  No promises, inducements, or

12 representations of any kind have been made to me other than those

13 contained in this agreement.  No one has threatened or forced me in

14 any way to enter into this agreement.  I am satisfied with the

15 representation of my attorney in this matter, and I am pleading

16 guilty because I am guilty of the charge and wish to take advantage

17 of the promises set forth in this agreement, and not for any other

18 reason.

19

20 JOHAO MIGUEL CHAVARRI                20220510
    Defendant                            Date

21

22           <u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

23      I am JOHAO MIGUEL CHAVARRI's attorney.  I have carefully and

24 thoroughly discussed every part of this agreement with my client.

25 Further, I have fully advised my client of his rights, of possible

26 pretrial motions that might be filed, of possible defenses that might

27 be asserted either prior to or at trial, of the sentencing factors

28 set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

1 | provisions, and of the consequences of entering into this agreement.
2 | To my knowledge: no promises, inducements, or representations of any
3 | kind have been made to my client other than those contained in this
4 | agreement; no one has threatened or forced my client in any way to
5 | enter into this agreement; my client's decision to enter into this
6 | agreement is an informed and voluntary one; and the factual basis set
7 | forth in this agreement is sufficient to support my client's entry of
8 | guilty pleas pursuant to this agreement.

9

_____          5-10-2022
10 | ALAN EISNER                               Date
    Attorney for Defendant JOHAO MIGUEL
11 | CHAVARRI

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17

ATTACHMENT A

# Attachment A

**Instagram Accounts**

|     | **Instagram Username** |
| --- | --- |
| 1.  | fritofrito81 |
| 2.  | carisre3 |
| 3.  | fritofrito62 |
| 4.  | hondaairbag111 |
| 5.  | fritofrito2020 |
| 6.  | _mike_frito |
| 7.  | redvans111 |
| 8.  | fritomikee |
| 9.  | mrcantina1990 |
| 10. | fritomike |
| 11. | micheladofrito909 |
| 12. | frit_ofritofrito |
| 13. | babyvanillaiceice__ |
| 14. | michael_frito |
| 15. | fritomike__ |
| 16. | michaelfrito |
| 17. | michelado__frito |
| 18. | micheladofrito212121 |
| 19. | micheladofrito1212 |
| 20. | casperisaghost1990 |
| 21. | fritooomike |

| 22. | frito_mikeee |
|---|---|
| 23. | michaelfritooo |
| 24. | michael__frito |
| 25. | micheladofritooo |
| 26. | fritofrito9 |
| 27. | frito1640 |
| 28. | fritofritofrito1111 |
| 29. | fritofrito29 |
| 30. | fritofrito161 |
| 31. | fritoghostmike |
| 32. | fritofrito2 |
| 33. | applesauce203 |
| 34. | fritofrito506 |
| 35. | fritofrito7 |
| 36. | ghost12902109 |
| 37. | waterisw |
| 38. | fritomike |
| 39. | fritofrito16 |
| 40. | thehalfmoon1991 |
| 41. | fritoooo__mike |
| 42. | fritofriyof |
| 43. | fritofritofrito2020 |
| 44. | thescooterisfast |
| 45. | fritofrito6 |

| 46. | fritofritoghost |
|-----|-----------------|
| 47. | fritofritomike |
| 48. | scooter2777 |
| 49. | fritofritofrito8 |
| 50. | fritoooo__mike |
| 51. | fritofrito |
| 52. | mike__frito |
| 53. | mike_frito |
| 54. | top.frito |
| 55. | jamiebond00777007 |
| 56. | mikemikefrito |
| 57. | scooter20204 |

**Snapchat Accounts**

|     | **Snapchat Username** |
|-----|-----------------------|
| 1.  | m_frito |
| 2.  | frito_mike |

**Twitter Accounts**

|     | **Twitter Username** |
|-----|----------------------|
| 1.  | @fritofrito3 |
| 2.  | @fritomicha |

**Cell Phone/Text Messaging Accounts**

| | **"Second Texting Number" Accounts (Alloy Studios)** |
|---|---|
| 1. | 205-291-6140 |
| 2. | 205-207-5454 |